IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY G. HALL,** : | | |
|     **Plaintiff,** : | | |
| : | | |
| **v.** : | | **CIVIL ACTION NO. 20-CV-3724** |
| : | | |
| **MAYOR JIM KENNEY,** *et al.*, : | | |
|     **Defendants.** : | | |

**GOLDBERG, J.**                                                                                             **SEPTEMBER 9, 2020**

## MEMORANDUM OPINION

Plaintiff Terry G. Hall, a pretrial detainee housed at Curran-Fromhold Correctional Facility ("CFCF"), has filed an Amended Complaint ("AC") in this action using the Court's preprinted form for use by prisoners to bring civil rights actions pursuant to 42 U.S.C. § 1983.[1] He has named as Defendants in the lawsuit the City of Philadelphia, Philadelphia Mayor Jim Kenney, Philadelphia Prison Commissioner Blanche Carney and Corizon Health, the private medical contractor at CFCF. All Defendants are sued in their official capacities. Hall has also filed an application to proceed *in forma pauperis*. For the following reasons, his application to proceed *in forma pauperis* will be granted and the AC will be dismissed.[2]

---

[1] Hall filed his AC before the Court could screen his initial complaint. An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam).

[2] Hall submitted his *in forma pauperis* application without his institutional account statement. He has informed the Court that prison authorities have been uncooperative with his efforts to secure his statement. (ECF No. 6.) Prison officials did, however, certify his account balance (*see* ECF No. 4 at 5), and Hall submitted a receipt showing a deposit into his account matching the certified balance. The Court will accept this submission as substantial compliance with 28 U.S.C. § 1915(a)(2).

**I.       FACTUAL ALLEGATIONS**

Hall, a 55-year old who suffers from several serious medical issues, alleges that he was housed from June 11, 2020 to July 17, 2020 as a pretrial detainee in B1-4 Pod at CFCF. (ECF No. 5 at 12.)[3] According to Hall, he was housed with other detainees who tested positive for the novel coronavirus even though he tested negative. He argues that (1) his "pod" was used as intake/quarantine space, (2) he shared recreation and other activities with other medically quarantined detainees, and (3) a food service worker for the pod tested positive for COVID-19. (*Id.*) Hall contends that being housed on the pod constituted cruel and unusual punishment because he was exposed to individuals with coronavirus and denied safe and sanitary living conditions. (*Id.* at 12-13.) Hall concludes that Corizon Health conducted a medical experiment by housing him in the intake/quarantine pod with inmates that may have been exposed to the virus. (*Id.* at 13.) He also alleges that his being housed on the pod violated a prison policy stating that "no inmate will be subjected to deliberate or unnecessary personal injury or exposure to disease." (*Id.* at 5.) He argues that prison officials were aware that the pod was being used to house new detainees and as a quarantine area. (*Id.*)

Hall alleges he lost sleep, had nightmares, felt chest pain, lost sex drive, lost weight, broke out in a skin rash, and had canker sores in his mouth, all due to the stress of being housed on the intake/quarantine pod. (*Id.* at 4.) He also fears that he will contract the virus and feels traumatized. (*Id.*) He seeks money damages and counseling.

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.     STANDARD OF REVIEW

Because Hall is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Hall's § 1983 claims are not plausible.  Hall has sued the City of Philadelphia and several municipal officials in their official capacities only.  Claims against City officials named in their official capacity are indistinguishable from claims against the City.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  Accordingly, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the [municipal] entity." *Id.*

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell v.*

---

[4] Because Hall is a prisoner, under the terms of the Prison Litigation Reform Act, he is still required to pay the filing fee in full in installments.

3

*Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  To allege that a custom is the proximate cause of an injury, a plaintiff must assert that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury."  *Id.* (internal quotations and alterations omitted).

Hall's allegations about being housed for a short time in an intake/quarantine pod with others who may have been exposed to coronavirus does not allege a municipal custom or policy to violate the rights of pretrial detainees.  Accordingly, his claims against the City and the municipal officials in their official capacities are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Hall's claim against Corizon Health is also dismissed as implausible.  The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'"  *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)).  Rather, in order to hold a private health care company like Corizon Medical liable for a

constitutional violation under § 1983, a plaintiff must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

Hall alleges in conclusory fashion that he was housed in the intake/quarantine pod because Corizon Health was conducting a medical experiment. However, Hall concedes that he has tested negative for the virus and has made no allegation that Corizon Health acted pursuant to a relevant policy or custom to cause him a constitutional injury. Hall also does not allege that Corizon Health was responsible for his placement in the intake/quarantine pod. His claim is therefore not plausible.

However, the Court cannot say at this time that Hall can never assert plausible claims based on his allegations about his detention in the intake/quarantine pod. Accordingly, the AC will be dismissed without prejudice and Hall will be permitted leave to file a second amended complaint if he is able to cure the defects the Court has identified in his claims against all Defendants.[5]

---

[5] Additionally, the Court notes that, in his AC, Hall seeks money damages for emotional injuries that he allegedly suffered as a result of being housed in the intake/quarantine pod at CFCF. However, the Prison Litigation Reform Act ("PLRA") requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)). Specifically, the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." *See Marrow v. Pennsylvania*, Civ. A. No. 18-0931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (quoting

An appropriate Order follows.

---

42 U.S.C. § 1997e(e)).  In order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a de minimis physical injury.  See 42 U.S.C. § 1997e(e); *see also Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003).

Hall appears to allege that he has only suffered de minimis physical injuries as a result of his being housed with inmates who may have tested positive for the novel coronavirus.  While the Court has no reason to doubt that his being so housed was a source of anxiety, his description of the physical consequences he allegedly suffered appears insufficient to meet the PLRA's "more than de minimis" physical injury requirement.  *See, e.g., Powell v. Pennsylvania Dep't of Corr.*, Civ. A. No. 12-2455, 2019 WL 8510289, at *9 (M.D. Pa. July 15, 2019), *report and recommendation adopted*, 2020 WL 1922639 (M.D. Pa. Apr. 21, 2020) (holding that an unrelated fall on one occasion and a claim of unrelated "occasion[al] physical injuries" was insufficient to assert plausible claim for money damages under PLRA); *Watson v. Wingard*, Civ. A. No. 16-55, 2018 WL 2108316, at *4 (W.D. Pa. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 2107773 (W.D. Pa. May 7, 2018), aff'd, 782 F. App'x 214 (3d Cir. 2019) (noting that courts have found to be only de minimis such injuries as a "'sore, bruised ear lasting for three days,' *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997), 'swelling, pain, and cramps,' *Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005)," and holding that a punch to the groin during a search, that caused the plaintiff "to bend over in pain" and allegedly be on bed rest for a few days, but for which he conceded he did not seek medical treatment, alleged only a de minimum injury); *Dillard v. Talamantes*, Civ. A. No. 15-974, 2016 WL 7474803, at *9 (M.D. Pa. Dec. 29, 2016) (holding that plaintiff's cryptical allegations of physical injury, while simultaneously conceding "he suffered [ ] no medical injuries as a result of alleged conduct within complaint" did not allege a more than de minimis injury).

Should Hall seek to reassert his claims by filing a second amended complaint, he should be aware that the PLRA may limit his ability to seek compensatory damages because he has not suffered a physical injury, although he may still be awarded nominal damages.